IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

|  |  |
|---|---|
| DERIOUS SOMERVILLE,<br><br>    *Plaintiff*,<br><br>v.<br><br>LEE RILEY, and the GOVERNMENT of TIPTON COUNTY, TENNESSEE,<br><br>    *Defendants*. | Case No. |

## COMPLAINT

## I.
## PRELIMINARY STATEMENT

This cause of action arises under 42 U.S.C. § 1983 ("Section 1983"), and the Fourth and Fourteenth Amendments. Agents from Tipton County Animal Control ("TCAC") removed seven dogs from Plaintiff's private property without statutory authority or judicial process, then held the dogs for nearly two months.

The seizure of the dogs constituted an unlawful seizure, in violation of the Fourth Amendment, and a taking of property without due process, in violation of the Fourteenth Amendment. The Plaintiff seeks damages for those violations under Section 1983. In addition to the Section 1983 claims against the individual Animal Control agent, the Plaintiff seeks damages against the Tipton County Government under Section 1983 and *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978), because Animal Control seized the dogs under a local ordinance—Tipton County's official policy—that purports to grant seizure authority beyond

any police power conferred on local governments by state law. The Plaintiff also pleads pendant state-law claims for common-law conversion and negligence.

## II.
## JURISDICTION AND VENUE

1.      This Court has original subject-matter jurisdiction, under 28 U.S.C. §§ 1331 and 1343(a), to hear and adjudicate Plaintiffs' federal claims.

2.      28 U.S.C. §§ 1331 and 1343(3), (4) give this Court jurisdiction to adjudicate state-law claims pendent to the federal claims in this action.

3.      This Court provides proper venue under 28 U.S.C. § 1391(b) because the claims asserted in this action arose from events that occurred in the Western District of Tennessee.

## III.
## PARTIES TO THE ACTION

4.      Plaintiff Derious Somerville is, and at all pertinent times was, a citizen of the United States and resident of Tipton County, Tennessee.

5.      Lee Riley is, and at all pertinent times was, Director and Operations Manager of Animal Control and an employee of Tipton County. She may be served with process at the Tipton County Animal Shelter, located at 8621 Highway 51 South, Brighton, Tennessee 38011.

6.      The Plaintiff also sues the Government of Tipton County, Tennessee (the "County"), a political subdivision organized and existing under and by virtue of the laws of Tennessee, as a "person" subject to liability under Section 1983 and *Monell*. It may be served with process through the office and person of the County Executive, Jeff Huffman, at 103 East Pleasant Avenue, Covington, Tennessee 38109.

7.      To the extent the Plaintiff states claims against Ms. Riley in her official capacity, such claims sound against the County as an entity and do not represent separate claims.

8.      The County also stands subject to liability under the GTLA for certain negligent acts and omissions of its employees.

### III.
### GENERAL ALLEGATIONS

9.      Mr. Somerville is an animal lover and devoted pet owner. At all pertinent times, he owned seven American Bullies (the "Dogs")[1], which he kept and cared for on his private real property located at 183 Fayne Lane in Brighton, Tennessee 38011 (the "Somerville Property").

10.     Mr. Somerville housed the Dogs in spacious, outdoor kennels in his carport, that fully complied with the statutory requirements enumerated at Tennessee Code Annotated section 39-14-202(a)(2)(B)(ii)(*a*).[2]

11.     Animal Control, a division of the County, operated the Tipton County Animal Shelter and was charged with, among other things, enforcing animal-welfare regulations.

12.     At all pertinent times, Defendant Lee Riley was the Operations Manager of TCAC who directed the seizure of certain dogs from their owners' property. Such seizures were unlawful but apparently authorized by County policy, as discussed more fully below.

13.     On March 5, 2024, TCAC removed the Dogs from their spacious, outdoor kennels, loaded them into the Animal Control truck, and took them to the comparably cramped, crowded, and indoor holding facilities at the Tipton County Animal Shelter.

14.     Two weeks later, on March 19, 2024, Ms. Riley swore out an affidavit[3] in Tipton County General Sessions Court in which she accused Mr. Somerville of the misdemeanor offense of animal cruelty and neglect in violation of Tennessee Code Annotated section 39-14-202.

---

[1] The Dogs were: Nina, Rihanna "Ri Ri," Karma, Harvey, Legacy, Dutches, and Rocket.
[2] These requirements tool effect on July 1, 2023.
[3] Ms. Riley's affidavit is attached as **Exhibit A.**

3

15. The Affidavit of Complaint stated in pertinent part:

In the carport 7 dogs were in cages, no food or water and cages were full of feces. The carport was covered with tarps. The urine ammonia smell was terrible. All 7 dogs in the carport was [sic] seized.

16. On March 26, 2024, Mr. Somerville appeared in the Tipton County General Sessions Court for an appearance date regarding the Dogs. This Court appearance was continued to April 19, 2024, and then to April 30, 2024.

17. Throughout this timeframe, Mr. Somerville visited the TCAC shelter (the "Shelter") as much as he could to feed and care for the Dogs.

18. However, the Shelter was often closed, even during its business hours, and staff constantly obstructed Mr. Somerville's efforts to enter and care for the Dogs, which caused rapid and significant weight loss leading to other health complications.

19. Each time Mr. Somerville was able to see the Dogs, he grew more and more appalled by the Shelter's conditions.

20. Mr. Somerville observed overcrowded kennels full of feces, gashes on the Dogs' eyes and faces, hematochezia, and limping, all new conditions which heightened his concern for the safety and wellbeing of the Dogs.

21. On April 30, 2024, the judge entered a judgement dismissing the criminal charges, due to "TCAC having failed to timely file the warrant or the forfeiture warrant," and instructed the property be returned to Mr. Somerville.[4]

22. The Dogs were returned to Mr. Somerville on May 1, 2024; however, they had significant chronic health issues.

---

[4] The judgement sheet is attached as **Exhibit B.**

23.     Since the Dogs' release from the Shelter and TCAC custody, Mr. Somerville has incurred extensive veterinarian bills, been forced to euthanize two of the Dogs and has suffered severe emotional distress.

**IV.**
**FEDERAL CAUSES OF ACTION**

24.     The Plaintiff realleges and incorporates the above allegations as if fully set forth under each count below.

A.  *Count One:   Individual liability under 42 U.S.C. § 1983—Illegal seizure.*
*(against Lee Riley)*

25.     No person familiar with dogs could have reasonably believed in March 2024 that Mr. Somerville was neglecting or abusing the Dogs he loves so dearly.

26.     When Ms. Riley seized the Dogs from Mr. Somerville's private property and held them for over two months, she did so without a warrant and it was therefore an unlawful seizure and taking of Plaintiffs' personal property, in violation of the Fourth and Fourteenth Amendments, respectively.

27.     Ms. Riley acted intentionally and in violation of clearly established constitutional rights.

28.     Ms. Riley's seizure and taking of the Dogs and her holding them for over two months, caused Plaintiff grievous injury that he would not otherwise have suffered, including emotional distress, monetary damages, and presumed damages for the violations of his constitutional rights.

29.     Ms. Riley's conduct alleged above was sufficiently egregious to entitle Mr. Somerville to an award of punitive damages.

### B. *Count Two:   Monell liability under 42 U.S.C. § 1983—Official policy (against the County)*

30.    The County's official Animal Control policy, the so-called Tipton County Animal Control Act (the "Act"), purports at Section 14 to authorize animal control officers "to capture, confine and or impound all dogs and cats and other animals designated by the director found in the county whose owners are in violation of this chapter."[5] That language is less than clear, because the Act does not contain chapters. But the following language, also from Section 14, makes clear that "enforcement officers" have authority, per County policy, to seize dogs they personally deem to be in violation of any provision of the Act:

> Impoundment of dogs and cats or other designated animals found to be in violation of this chapter by such enforcement officers is hereby authorized for violation of the registration provisions of this chapter, violation of the vaccination previsions, or any other part of these provisions. The owner of any animal impounded by animal control shall be required to remit an impoundment fee . . . per day of impoundment.[6]

31.    On its face, the language of Section 14 of the Act purports to authorize the seizure, without judicial process or exigent circumstances justifying immediate seizure, of pet dogs and cats found on their owner's private property.

32.    By authorizing such sweeping "impoundment authority," Section 14 of the Act goes beyond the seizure authority granted by Tennessee statute and violates the Fourth and Fourteenth Amendments to the Constitution.

33.    Notwithstanding any malicious intent of Ms. Riley, she would not have seized the Dogs but for her apparent authority under the Act to seize dogs found on their owners' property based on unsubstantiated reports of those dogs running at large.

---

[5] **Exhibit C** (submitted herewith).
[6] *Id.*

34. The Act itself, a piece of official County policy, was thus a moving force of the unlawful seizure of Plaintiff's dogs and caused him grievous injury he would not otherwise have suffered, including emotional distress, monetary damages, and presumed damages for the violation of his constitutional rights.

### E. Count Three:   Individual liability under 42 U.S.C. § 1983—Malicious Prosecution under the Fourth Amendment (against Lee Riley)

75. Lee Riley, acting under color of state law, initiated or caused to be initiated baseless criminal charges against Mr. Somerville, in violation of his rights under the Fourth Amendment to the United States Constitution.

76. Lee Riley caused the initiation of the criminal prosecution through facts that she knew, or should have known were false, and she had no reasonable basis to believe that Mr. Somerville committed the alleged offenses.

77. Lee Riley knowingly, recklessly, or with deliberate indifference provided false or misleading information in an effort to secure Mr. Somerville's prosecution.

78. Lee Riley acted willfully and with malice.

79. As a direct and proximate result of Lee Riley's actions, Mr. Somerville has suffered economic loss, emotional distress, reputational harm, and other damages.

### V.
### PENDANT STATE LAW CLAIMS

80. The Plaintiff realleges and incorporates the above allegations as if fully set forth under each count below.

**F. *Count Four:   Conversion at common law***
***(against Lee Riley)***

81.     By holding Plaintiff's personal property at the Tipton County Animal Shelter for over two months, Ms. Riley exercised dominion over Plaintiff's property by excluding or denying Plaintiff's rights, as the dog's lawful owners, to possession and control of the Dogs.

82.     Ms. Riley acted intentionally.

83.     As a result of Ms. Riley's conversion of the Dogs, Plaintiff suffered grievous injury that would not otherwise have occurred, including emotional distress and monetary damages.

84.     Ms. Riley's conversion of the Dogs was sufficiently egregious to entitle Plaintiff to an award of punitive damages.

**G. *Count Five:   Vicarious liability under the GTLA***
***(against the County)***

85.     The County stands vicariously liable under the GTLA for injuries arising from the negligent acts or omissions of its employees. Tenn. Code Ann. § 29-20-205.

86.     During the two months during which Ms. Riley held the Dogs at the Tipton County Animal Shelter, one or more other County employees negligently failed to intervene or take other action to return the Dogs to Plaintiff.

87.     That negligence by County employees allowed Ms. Riley to convert Plaintiff's property, causing Plaintiff grievous injury that would not otherwise have occurred, including emotional distress and monetary damages.

**VIII.**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand the following relief as of right:

A.     That process issue and Defendants, having waived service of process or been duly served, be required to answer or otherwise respond to this Complaint in the time and manner provided by law;

B.      That a jury of eight or more persons be empaneled to hear and decide all jury-triable issues raised above or as may subsequently arise during the action or emerge from discovery;

C.      That, upon in a verdict, Judgement be entered in Plaintiffs' favor, over and against Defendants, for which execution may issue;

D.      That such judgment award compensatory damages in an amount to be determined according to the proof;

E.      That such judgment award punitive damages against any individual Defendant whose conduct the jury deems sufficiently egregious, in an amount to be assessed according to the proof;

F.      That, in addition to damages awarded, Plaintiffs be awarded all costs incurred in prosecuting this action, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

G.      For such other and further relief as may be appropriate under the circumstances.

Dated March 5, 2025.

Respectfully submitted,
**APPERSON CRUMP, PLC**

*/s/ Sara Katherine McKinney*
Jacob Webster Brown (TN 36404)
William R. Faulk (TN 39566)
Sara Katherine McKinney (TN 40900)
6000 Poplar Avenue, Suite 150
Memphis, Tennessee 38119
(901) 756-6300 (Office)
(901) 757-1296 (Fax)
*jbrown@appersoncrump.com*
*wfaulk@appersoncrump.com*
*smckinney@appersoncrump.com*

9